UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP JOSEPH JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDOLPH WILSON, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00623-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, AS DUPLICATIVE OF CASE 1:23-CV-00580<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Phillip Johnson ("Plaintiff") is a state prisoner proceeding *pro se* in this in this civil rights action.  Prior to filing this action, Plaintiff filed Johnson v. Wilson, E.D. CA, Case No. 1:23-cv-00580 ("Wilson I").  As this prior case appears to include the same claims and defendants as this action, the Court will recommend that this action be dismissed, without prejudice, as duplicative of Wilson I.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977)), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" Id. (second alteration in original) (quoting The Haytian Republic, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties … to the action, are the same." Adams, 497 F.3d at 689. See also Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (citation and internal quotation marks omitted).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688.

On March 23, 2023, Plaintiff filed the complaint commencing Wilson I. Wilson I, ECF No. 1. On April 18, 2023, Plaintiff filed the complaint commencing this action. The Court has reviewed both complaints, and they appear to be largely (if not entirely) identical. Plaintiff brings the same four claims (based on medical care, excessive force by an officer, retaliation, and the Americans with Disabilities Act) against the same twenty-six defendants.[1]

As in this case Plaintiff appears to be bringing the same claims against the same defendants as Plaintiff brought in Wilson I, and as Wilson I was filed prior to this case, the Court will recommend that this action be dismissed as duplicative of Wilson I.[2]

Accordingly, it is HEREBY RECOMMENDED that

1. This action be dismissed, without prejudice, as duplicative of Johnson v.

---

[1] In this case, Plaintiff's fourth claim, which is labeled claim three, is largely illegible. (ECF No. 1, p. 10). However, in both cases it is labeled an "ADA Claim," and in both cases it is erroneously labeled "Claim III," compare Wilson I, ECF No. 1, p. 10 with ECF No. 1, p. 10. Moreover, from what the Court can discern, the allegations in this claim are identical. Id.

[2] The Court notes that this dismissal would be without prejudice to Plaintiff continuing to litigate the claims in Wilson I.

Wilson, E.D. CA, Case No. 1:23-cv-00580;

2. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be denied as moot;

3. Plaintiff's motion for appointment of pro bono counsel (ECF No. 3) be denied as moot; and

4. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:    **April 25, 2023**                        /s/ *Erica P. Grosjean*
                                                                 UNITED STATES MAGISTRATE JUDGE